between the SBA and ACIC. The issue to be determined on this appeal is how far can a trial court appropriately go in allowing a defendant to create a limited record, a brutally limited record in this case, to infer evidentiary admissions simply from the briefing and then to dispose of a disputed substantive issue in proceedings on a motion to dismiss pursuant to Rule 12. Well, let's suppose that the district court, let's assume the district court properly looked at these documents. And I understand your argument that the fact that there was an effective date before the SBA approval is irrelevant because often these surety bonds are made retroactive. Okay? Yes, Your Honor. It strikes me that your argument with respect to the power of attorneys at page 135 isn't a very good one because while there is a late date at the bottom of it, the top of the page talks about the thing being executed on the 28th of February 2003. So I think you've got a problem on your power of attorney argument. You say that the power of attorney came later and that somehow supports your position. I'm having trouble seeing that. Well, Your Honor, if I may ask, you're looking at the appendix. 135. This is the power of attorney that you're relying on. You're relying on that May 25, 2004 date at the bottom. Right, Your Honor. But the actual body of the document talks about the thing having been executed on the 28th of February 2003 and notarized on that date. Well, Your Honor, two points, I guess, about that. First of all, Your Honor, with regard to the form itself, these powers are preprinted and issued in blank to the agent so that the agent can affix them to a bond without having to go back to the home office and get a new original document. So the power of attorney was signed by the chief executive officer of American Contractors on February 28, 2003. And you will see in the first paragraph, this power of attorney shall expire without further action on September 27, 2005. Those dates were on this form when it was sent in blank to the agency. I don't understand what you mean by in blank. I mean, this was signed and notarized on the 28th day of February 2003, right? On the face of it. Yes, but not for a particular bond, Your Honor. It was sent to be used when subsequently authorized to be used in connection with a particular bond. And on that occasion, it would be affixed to the bond to reflect that the individual signing the bond as attorney, in fact, actually had the power to bind American Contractors. Your argument is that the May 25th date is the date that it was affixed to the bond, right? It couldn't have been before that date. This power of attorney did not exist. That's an attestation of the chief executive officer's execution of the power of attorney. At some point subsequent to May 25, 2004, someone filled in the name of Mesharl Swart at the top. Actually, that was filled in before. It should have been affixed as an original document to an original bond at some point that had to be subsequent to May 25, 2004. May 25, 2004 was filled in when this power of attorney was drawn up by American Contractors to be sent to its agent to be subsequently utilized. I understand your argument. What about the March 31, 2003 date at the top of the surety rider? You say, well, the effective date isn't necessarily the date that it's executed. I understand that. But the surety rider bears a different date at the top of March 31, 2003. It does. I don't know what it means, Your Honor. No one else knows what it means. That's why we, or at least no one who has contributed to the record in this case, knows what it means. Hopefully someone does. Hopefully Mr. Swart does. Hopefully at some point we can get a hold of him and have him explain exactly what sequence. I'd like to emphasize that word because the issue in this case is sequencing and the dates on this surety rider document, which is in the record as a result of having been attached to a motion, but has no foundation whatsoever in the record. There is no testimony except argument of counsel regarding what any of that means or when it was drawn up or why it was drawn up. I don't know why it was dated March 31. Is it a problem finding Mr. Swart? We think he's in New Orleans. We think we can get a hold of him. But yes, there is some degree of difficulty because of the great disruption that happened in New Orleans with the hurricane. Subsequent to that, American contractors ended its relationship with the agency that was involved in this particular transaction. Mr. Swart ended his relationship with that agency. Let me ask you one other thing. Yes, Ron. On page 82 there is the change order document. It shows, it says one of the things that this did in addition to changing the amount by $240,000 was changing the completion date of the contract work, correct? Yes, Ron. It says the date of substantial completion as of the date of this change order is December 31, 2003. Now that was before the approval by the government. Isn't there some significance to that December 31 date? In other words, would the ACIC have agreed to a contract that was already in default? Well, we don't know that the contract was in default. But we know, Your Honor, in fact, we don't know if there was a subsequent extension to the contract. Now I can say that there were disputes, apparently, from what I've seen, and that the disputes went on for some time about who was delaying this project and who was responsible for the delays. And whether and to what extent... When was the project finally completed? D. Giovanni, the contractor, was terminated sometime in the summer of 2004. So it's clear that the December 31 date was not met.  When do you believe that the ACIC agreed to this change, agreed to the new amount? I don't know, Your Honor. We don't think it could have been prior to essentially the end of May 2004. You think it was in 2004? I don't know, Your Honor. Genuinely, Your Honor, I don't know that the original surety rider, the bond rider document that everyone has been focusing on, was ever delivered. I don't know that the power of attorney that is in the record was ever, as an original document, affixed. I guess the reason I was looking at this document just seems to me that this shows an effective date, a completion date, and an increase, and a completion date of December 31, 2003. And I would think that somebody would...ACIC would agree to that...would not agree to that after December 31, 2003 when the date was already not met. We know it wasn't met. So it seems odd that they would sign on to that date when they knew it was already in default. Your Honor, you and I know that it was not met. It's not in the record. And Your Honor makes a point that there are issues that may arise in this case. But the reason we're here is because that is a bridge that should not have been crossed yet. This is an incomplete, a grossly incomplete documentary record of what went on and when it happened. Of course, sequencing is the critical issue here. This case was dismissed for a very specific...supposedly for a very specific reason. That there was an incorrect sequencing between the approval by the SBA of a proposed change or alteration to the bond and some act or acts by ACIC that constituted within the meaning of the regulation an acquiescence in the alteration to the bond. What date did Giovanni terminate? Does that appear in the record? No, Your Honor, it does not. I believe it was sometime in the summer of 2004. But it's not in the record. The surety has fully performed, is that right? That's correct. There was litigation between, and again, this is not in the record, but there was litigation between D. Giovanni and the surety on the one hand and the owner on the other. There was a settlement of that litigation which resulted in a lump sum payment which constitutes part of the surety's losses for which the surety has made claim against the SBA guarantee. Let's hear from the government. We'll save your time for the better. Thank you, Your Honor. Mr. Dunn? Yes, please, the Court, Your Honors. SBA didn't breach the agreement here because ACIC violated Section 115, which was incorporated. You say that the agreement was reached on March 24, 2003, right? The agreement between ACIC and D. Giovanni to change the bond amount. What's your basis for that? I mean, all I see is a reference to an effective date. The effective date's not necessarily the date of the agreement, is it? Your Honor, the bond... Is it? No, no, wait, wait. Is the effective date necessarily the date of the agreement? No, Your Honor, and the reason is because the effective date with respect to their argument, ACIC's argument, is the effective date that the abogee can enforce it. The agreement here was reached between ACIC and D. Giovanni. Well, how do we know that that was reached on March 24? You just agreed that the effective date isn't necessarily the date of the agreement. Well, there are two ways to look at it. There's an agreement here that was reached, which is dated and effective March 2003. No, it's not dated March 24. The effective date is March 24. That was the argument that you made, and you convinced the Court of Federal Claims that the effective date is the date of the agreement. I don't see what the basis for that is. Your Honor, the agreement was reached between D. Giovanni, the principal in this case, and ACIC. I understand. ACIC argues that it wasn't effective based on the abogee not receiving it, it not being delivered to the abogee. But as of March 31, or March 24, 2003, it was an effective and enforceable bond increase between ACIC and D. Giovanni. That doesn't mean that it was executed then. It could have been executed six months later with an earlier effective date. Well, initially, Your Honor, that's not a timely argument because they never raised that in their initial response. Put it past that. Yes, Your Honor. It's perfectly clear that in the industry you have retroactive bonds, right? And there's nothing wrong under the regulation with having a bond that has an earlier effective date than the date of the agreement, is there? In certain circumstances, yes, Your Honor. There is something wrong with it? If it isn't, well, the comments to 115.19F, which they reference, they relate to the initial bond. And in that case, you have to have evidence that it was actually executed after the SBA's approval. So in those circumstances, it's okay. I don't think you're addressing my question. I mean, what is your basis for saying that the effective date is necessarily the date that the agreement was reached? Your Honor, in this case, the bond is dated March 31, 2003. Did you rely on the March 31 date in the Court of Federal Claims? No, but we relied upon that document, and that document stated that it was effective on March 24, 2003. Are you giving up your argument that March 24 is the right date? No, Your Honor. Then what's the basis for the March 24 date being the date of the agreement? The agreement itself states that it was effective as of March 24. Why does that mean that it was the date of the agreement? Why does it mean that? Your Honor, I suppose in the realm of possibility, it could have been created after the fact and backdated. Sure. But that argument was not raised below. It was never raised. And, therefore, it was proper for the Court, based on the allegations within the complaint, which only alleged that the SBA approved it. It never alleged, the complaint never alleged that the SBA approved it prior to the agreement. And in this case, the agreement was reached between DG Avani and ACIC, and that is what the document states. It strikes me you wasted a lot of the government's time, a lot of the Court of Federal Claims' time, and perhaps a lot of our time by failing to make a motion for summary judgment. I don't understand why you don't make a motion for summary judgment under these circumstances and instead make what seems to be a somewhat tortured argument and a motion to dismiss. Your Honor, we made a motion to dismiss and, in the alternative, a motion for summary judgment. If the Court deemed it necessary for additional facts, we stated that we would convert it to a motion for summary judgment. Your Honor, the fact that ACIC did not deliver the bond, the rider, to the obligee is irrelevant because the non-delivery of the rider only affects the ACIC did not deliver it to the obligee in this case, which was Ami Bank and Steve Ho. It does not change the fact that an agreement was reached in March 2003 between ACIC and DG Avani. Regarding their conditions precedent argument, Your Honor, that argument was waived because it was not raised in their initial response to our motion to dismiss. And even if you do reach that argument, Your Honor, the conditions precedent here, it does not justify that there was an intervening change in the law or previously unavailable evidence is now available where the motion is necessary to prevent manifest injustice. And in this case, Your Honor, the conditions precedent that they generally allege is actually disputed and contradicted by the underlying documents that the complaint relied upon. Your Honor, the trial court also properly considered the rider and the amended bond agreement. Initially, this argument was waived because, once again, they did not make this argument below. They did not make this argument that it should be converted to a motion for summary judgment in their initial response. They also didn't make this argument in their Rule 59 motion. Why do they have to argue that? They say the motion to dismiss isn't good. Why do they have to say it should be converted to a motion for summary judgment? Because it's the obligation of ACIC in their response to make that argument so that the court can address it, Your Honor. But they have to argue that this should be treated as a summary judgment motion? They should have argued that the court should not consider these documents without converting it to a motion for summary judgment. Why should they argue that? They're saying it shouldn't be dismissed. They're responding to your motion to dismiss, not for summary judgment. Yes, Your Honor, but the court at that point should have heard from them that they believe that these documents should not be considered. And we raised this argument in our initial motion to dismiss. On a motion to dismiss, all of the facts are resolved in their favor. So to the extent that there was a dispute as to the effective date or who signed what or who delivered what, we're still at the dismissal stage whether they've stated a claim on which relief could be granted. So you're saying they should have made the government's case? No, Your Honor, I'm not suggesting that at all. But they should have addressed our argument that the documents should properly be considered as part of the complaint without converting it to a motion for summary judgment. So they should have addressed an argument you didn't make? We did make that argument, Your Honor. Basically, you've got a problem even if the documents are properly considered. And that's the question of whether the March 24th, the fact that it's a March 24th effective date, can be taken conclusively to mean that that was the date of execution. That's your problem. I understand Your Honor's concern, and that certainly has crossed my mind. The bigger problem is this was never raised in their complaint. They never alleged that the SBA approved it prior to the agreement. Why do they have to raise that in the complaint? I don't understand that. Did they argue that in opposition to your motion to dismiss? No, Your Honor. No? They only alleged that they didn't deliver it to the abogee. And because they didn't deliver it to the abogee, which was Steve Ho and Omni Bank in this case, it was not DiGiovanni. They argued that because it wasn't delivered to the abogee, the abogee could not enforce it. That's the only argument they make. And that's with respect to a third party that wasn't a party to the agreement that altered the bond in this case. The bond was altered when ACIC and DiGiovanni agreed to do that. And they've never disputed that that agreement itself wasn't effective. Look, I don't understand what you're saying. On page 102, this is their opposition. One of the arguments is the effective date is not necessarily the date identified on the bond. How can you say they didn't make that argument? Your Honor, if you look further into… That's the argument they're making today, right? The effective date is not necessarily the date identified on the bond. Yes, Your Honor, but they've always argued that the bond is not enforceable by the abogee against the surety. They've never argued that the bond agreement, the surety rider itself, wasn't an agreement as of that time. They've only argued that they didn't subsequently deliver it to the abogee in this case. In fact, I read you the wrong heading. The correct heading is the effective date is not necessarily the date the bond was signed. So they were arguing there, just as they are here, that you can't assume that the bond was signed on the effective date. Right? They never state that you can't assume that the bond wasn't signed on the effective date. They argue in very general terms that actually at 119, furthermore, in almost all jurisdictions, a surety is not liable on a bond until the bond is not only signed by the surety but also delivered to and accepted by the abogee. So their argument is all relating to the abogee in this case. And the abogee was a third party that was not a party to the agreement to change the bond. Your Honour, I have nothing additional to add. Thank you, Mr Dunn. Mr Sweeney. The issue in this case that should be reached and decided later in this case at the trial court level that's presented or anticipated in the government's motion to dismiss is whether all of the things that ACIC did, that American contractors did, constituted acquiescing in an alteration to the bond which increased the bond amount prior to obtaining written approval by the SBA. The government is mistaken in writing the abogee out of that equation. An agreement between the bonding company and the principal, speaking hypothetically, not saying that that happened, but any agreement between the bonding company and the principal to issue, for example, a bond right or to increase the amount of the bond, doesn't do anything until it vests some rights in the third party. There is no material alteration because the entire purpose of the bond is to vest rights in a third party, the named abogee. And in this case, there is no evidence in the record, and it's not clear, when or if or how that happened. And that is the issue that remains to be fleshed out, either in further proceedings on summary judgment following some discovery, when we have actual testimony by human beings who have knowledge of the facts and events, or after a trial, if those human beings dispute what went on. ACIC is entitled to its day, if not in court, at least in deposition, to try to establish a record, to establish that it did not acquiesce in an alteration to the bond prior to obtaining written approval. Thank you. Thank you, Mr. Slagle and Mr. Dunn. The case is taken under submission.